**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CITIMORTGAGE, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> ELSON FERNANDEZ-BERNABE, <br><br> Defendant(s). | Civil No. 10-2282 (DRD) <br><br> Foreclosure of Mortgage (In Rem) <br> Collection of Monies |

**DEFAULT JUDGMENT**

On December 30, 2010, plaintiff CitiMortgage, Inc. filed the instant *Complaint* against Elson Fernández-Bernabe for collection of moneys and foreclosure of mortgage. On May 18, 2010, the Clerk entered the default against the defendant, Docket No. 9. On June 17, 2011, plaintiff filed a *Motion For Judgment,* Docket No. 12, for the entry of the default judgment under Rule 55 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). The Court docket shows that, as of this date, the defendant has failed to appear or file an answer to the *Complaint*, or otherwise appear in the instant case, hence, the plaintiff is entitled to a default judgment. In view of the foregoing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. The mortgage constituted by defendant Elson Fernández-Bernabe by Deed Number 346, before Notary Public Manuel Rivera Meléndez, at San Juan, Puerto Rico, on July 31, 1999, securing a mortgage note payable to the order of Beneficial Mortgage Corporation, further negotiated or endorsed to the order of plaintiff, is a valid and subsiding mortgage and constitutes a lien prior to the estate or interest of defendant in the above cause, on the mortgaged premises, as described in paragraph eight of the

*Complaint*, to wit:

> **RUSTICA: Solar marcado en el numero 47 de la COMUNIDAD BREÑAS del Barrio Sabana del término municipal de Vega Alta, Puerto Rico, con una área 990.00 metros cuadrados, en lindes por el NORTE, en 20.00 metros con la calle #5; por el SUR, en 20.00 metros con el solar #94; por el ESTE, en 49.50 metros con el solar #46; y por el OESTE, en 49.50 metros con el solar #48. Enclava una casa para fines residenciales.**
>
> **Inscrita al Folio 218 del Tomo 23 de Vega Alta, Registro de la Propiedad de Puerto Rico, Seccion Tercera de Bayamon, Finca 1660.**

2. Subsequently, on May 7th, 2010 for value received, debtor Elson Fernandez-Bernabe subscribed a Loan Modification Agreement in which the following terms were modified:

   a. Unpaid principal balance when payments resumed on June 1, 2010: $78,821.49.

   b. Loan re-amortized over 360 months.

   c. Interest charged on the Unpaid Principal Balance at the yearly rate of 5.000% effective on May 1, 2010.

   d. Monthly payments of principal and interest of $423.13 (which does not include the amount required for Insurance and/or taxes).

   e. Maturity date: May 1, 2040.

3. Defendant, as debtor under said note and as present owner of the land and buildings hereinbefore referred to, is hereby ordered and adjudged to pay to plaintiff the sum of $77,873.98, for principal of the said mortgage note, plus interest at the rate of 5.00% per year, which at the date of March 15, 2011, amounted to the sum of $3,069.58, to its total and complete payment, plus $193.38 in late charges due, plus $2,805.52 in Escrow advance, plus costs, charges, disbursements and attorneys fees in the amount of $7,235.00 in the above cause, plus all the expenses and advances made by the plaintiff.

4.      In default of the payment of the sums herein before specified or of any part thereof, within the next ten days from the date of entry of this judgment, the mortgaged property described herein above in paragraph number one, shall be sold at a public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

5.      The Special Master Reinaldo Cestero is hereby designated and appointed to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out said sale, nor do anything in connection therewith, until further order of the Court, and under the term and conditions to be directed by the Court.

6.      The sale to be executed by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $72,350.00.

7.      Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

      a.      To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after said compensation and expenses shall have been fixed and approved by this Court, all said expenses to be deducted from the sum of $7,235.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorneys' fees.

      b.      To the payment of all expenses and advances made by the plaintiff for an amount not to exceed $7,235.00.

      c.      To the payment of that part of the indebtedness owed to plaintiff up to the amount of $77,873.98 for the principal amount owed plus interests thereon from July 1, 2011, until the date of full payment at the rate of 5.00% per annum, plus costs, charges, disbursements, expenses and attorneys' fees due in the above cause after deduction of the expenses mentioned in the preceding subparagraph (a).

      d.      If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8. Plaintiff herein may file for any further relief with this Court in accordance with the terms of this judgment.

IT IS SO ORDERED, ADJUDGED AND DECREED.

In San Juan, Puerto Rico, this 29th day of June, 2011.

                                      s/Daniel R. Domínguez
                                      DANIEL R. DOMINGUEZ
                                      United States District Judge